IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **CRIMINAL NO. 07-00275-WS** |
| | ) | |
| **ALEX GUILLEN,** | ) | |
| | ) | |
|     **Defendant.** | ) | |

**ORDER**

    This matter comes before the Court on two *pro se* filings by defendant, labeled "Appeal Pursuant to Rule 60-B (4)" (doc. 31) and "Order to Relinquish Indictment for Illegal Jurisdiction to Present Argument Pursuant to 60(b)(4)" (doc. 32).

    On August 31, 2007, an Indictment (doc. 9) filed in this District Court charged defendant Alex Guillen with illegal re-entry into the United States after removal or deportation, in violation of 8 U.S.C. § 1326(a). On October 23, 2007, Guillen signed a Plea Agreement (doc. 16), including a limited appeal waiver wherein he knowingly and voluntarily waived the right to appeal his sentence on direct appeal or via collateral attack, with the exception of claims predicated on punishment in excess of the statutory maximum, upward departure from the guideline range, or ineffective assistance of counsel. This Court accepted Guillen's guilty plea and, on February 15, 2008, sentenced Guillen to a term of imprisonment of 57 months, to be followed by a supervised release term of three years. The Judgment (doc. 29) specified that immediately after his term of incarceration ended, Guillen was to be delivered to a duly-authorized immigration official for possible deportation.

    Guillen's present filings are rambling, conclusory and difficult to follow; however, it appears that he seeks to challenge his sentence pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure to "correct a void judgment" because "the District Court never had jurisdiction over Petitioner and his Indictment and conviction are nullities." (Doc. 31, at 2.) Guillen also states in the most conclusory of terms that his "counsel was ineffective as a matter of law." (*Id.*) On these grounds, Guillen "demands ... that this Court immediately discharge and dismiss

petitioner from criminal and civil matter ... with in 72 hours or petitioner will be at liberty to seek Presidential pardon and suit for failure to comply with constitutional provisions."  (Doc. 32, at 2.)

Guillen's motions are frivolous.  To the extent that he invokes Rule 60(b) of the Federal Rules of Civil Procedure to correct a void judgment, a wall of precedent unequivocally forbids him from utilizing Rule 60(b) in this manner.  *See, e.g., United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) ("Rule 60(b)(4) is a civil motion that is not available to an individual challenging his sentence" in criminal proceedings); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) ("Rule 60(b) simply does not provide for relief from judgment in a criminal case").  In *Barnett v. United States*, 2005 WL 2082900 (11th Cir. Aug. 30, 2005), the Eleventh Circuit determined that the district court lacked jurisdiction to consider a criminal defendant's Rule 60(b)(4) motion aimed at overturning his conviction, reasoning that "Rule 60(b) is a rule of *civil* procedure: it does not provide relief from judgment in a criminal case."  *Id.* at *1; *see also Altman v. United States*, 2008 WL 835257, *1 (11th Cir. Mar. 31, 2008) (opining that "Rule 60(b) does not provide for relief from judgment in a criminal case" and "a Rule 60(b) motion is not the proper motion by which to attack a criminal judgment").

To the extent that Guillen maintains that this Court lacked subject matter jurisdiction to accept his guilty plea, adjudge him guilty, or sentence him in this matter, his argument is utterly lacking in merit.  As the Eleventh Circuit has explained:

> "Congress has provided the district courts with jurisdiction-'exclusive of the courts of the States'-of 'all offenses against the laws of the United States.' 18 U.S.C. § 3231. The United States filed an indictment charging Alikhani with violating 'laws of the United States,' and § 3231 on its face empowered the district court to enter judgment upon the merits of the indictment ...."

*Alikhani v. United States*, 200 F.3d 732, 734-35 (11th Cir. 2000) (recognizing that even if the Government fails to allege or prove an interstate-commerce element, or if the Government fails to allege citizenship in a case requiring proof of citizenship, subject matter jurisdiction remains); *see also United States v. Tinoco*, 304 F.3d 1088, 1104 n.18 (11th Cir. 2002) (pointing out that subject matter jurisdiction in every criminal case stems from § 3231 and that "in almost all criminal cases, that's the beginning and the end of the jurisdictional inquiry") (internal quotations and citations omitted).  The same is true here.  Guillen's jurisdictional argument is

baseless.  The Indictment plainly charged him with violating laws of the United States and empowered the District Court to enter judgment on said Indictment.  Subject matter jurisdiction was proper.[1]

Furthermore, Guillen's motions appear in several respects to violate the appeal waiver set forth in paragraphs 19 through 21 of his Plea Agreement.

Finally, to the extent that Guillen contends that his counsel provided ineffective assistance, his appropriate remedy (if any such remedy exists) lies not in this Rule 60(b) motion; rather, his remedy is to file a petition under 28 U.S.C. § 2255 before expiration of the statutory time period for doing so.[2]  Any such filing may be summarily rejected if it does not set forth in detail how defendant contends his lawyer rendered constitutionally ineffective assistance.  *See Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) ("Conclusory allegations of ineffective assistance are insufficient.") (citation omitted).  Any such filing must also reconcile Guillen's current allegations with his statements in both the Plea Agreement and the guilty plea hearing wherein he expressed complete satisfaction with the efforts of his counsel.

For all of the foregoing reasons, defendant's requests for relief found at documents 31 and 32 are **denied** in their entirety.

**DONE** and **ORDERED** this 8th day of July, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1] Equally frivolous is Guillen's conclusory assertion that § 3231 is a nullity and is unconstitutional on its face.

[2] Guillen's sweeping allegation that 28 U.S.C. §§ 2241 and 2255 "are nullities as a matter of law, unconstitutional on their face, void ab initio as established by judicially noticed facts" (doc. 31, at 1) is an absurd and obviously incorrect statement of law.  Besides, these statutes represent Guillen's best (and likely only) hope for relief, so it is unclear how he would benefit from invalidating them.